## KELLY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   February 11, 1907.)

AMICUS CURIÆ—APPEAL—DISMISSAL.

An appeal will not be dismissed, or its determination postponed, at the instance of attorneys whose clients have causes of action involving the same question against the same defendant, on the ground that the action in which the appeal is pending was collusive, brought to obtain in an ex parte manner a determination of the question, which is of public importance; the pleadings and evidence having been directed to the disposition of the single question, the moving parties having had ample opportunity, of which they did not avail themselves, to intervene on the trial, or by brief on submission, and the action having been fairly tried and honestly decided.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Amicus Curiæ, § 4.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Peter C. Kelly against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Third persons move to dismiss or postpone hearing of appeal. Motion denied.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

D. J. Wagner, for appellant.

J. L. Quackenbush, for respondent.

PER CURIAM. When this case was called for argument several members of the bar, in behalf of clients having alleged causes of action against this defendant involving the same question presented upon the appeal herein, made a motion that the court dismiss the appeal, or at least postpone its determination indefinitely, and in the meanwhile satisfy itself as to the character of the action. It is the claim of the attorneys mentioned that this action is of a collusive nature, brought to obtain in an ex parte manner the determination of a question of the utmost gravity and greatest public importance.

We have considered the grounds upon which the moving parties rest their contention, and, after careful examination of the record, have reached the conclusion that no reasons appear that would warrant the dismissal of the appeal or the postponement of its determination. The record shows that the moving parties had ample opportunity to intervene upon the trial, or by brief upon submission. They did neither. The pleadings and the evidence were directed to the disposition of but one issue, viz., the limitation of transfers by the defendant. We are satisfied that the action was brought in good faith, fairly tried, and that the decision was an honest expression of the opinion of the learned trial justice upon the merits.

The motion is dismissed, and the moving papers expunged from the records.